481 So.2d 654 (1985)
GREATER EAST BATON ROUGE KOA, INC.
v.
LAMAR CORPORATION.
No. 84-CA-1099.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Michael R. Connelly, Baton Rouge, for plaintiff-appellant Greater Baton Rouge KOA, Inc.
Charles W. Lamar, III, Baton Rouge, for defendant-appellee The Lamar Corp.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
This is a suit for specific performance and damages under a contract. Plaintiff (KOA) had a billboard near Interstate 10, advertising its campground. Defendant (Lamar), an outdoor advertising company, wanted to erect signs of its own on adjacent property. Certain rules of the Department of Transportation and Development required that a given distance be maintained between billboards. Because of the location of plaintiff's existing sign, Lamar could not build its proposed sign in that area.
KOA and Lamar signed a contract under which Lamar would be allowed to remove KOA's sign and place its own nearby. In return, Lamar agreed to provide KOA with two other signs on Interstate 10. The contract required Lamar to complete KOA's signs within the following six months, with a penalty of $500.00 to be paid by Lamar for each additional month until completion.
The adjacent property on which Lamar intended to construct its sign was owned by Reverend Henry Roan. Lamar obtained a lease from Reverend Roan and then applied for a permit from the Department of Transportation and Development. Shortly before construction was to begin, Lamar's employees discovered certain monuments (markers) on Reverend Roan's property which designated a state right of way. Both contracting parties and Reverend Roan himself were unaware of the markers when the agreement was made.
This circumstance prevented defendant from building its sign on the designated location. Lamar considered other locations in the area, but these seemed to be economically unfeasible. As a result, Lamar notified KOA that it was cancelling the contract due to error.
KOA brought suit for specific performance and for penalties as allowed under the agreement. The trial court found for Lamar. KOA brings this appeal.
*655 The Louisiana Civil Code provides for cancellation of a contract if there is error in the principal cause. Article 1825 of the Civil Code of 1870, which was applicable when the contract was written, states that:
The error in the cause of a contract to have the effect of invalidating it, must be on the principal cause, when there are several; this principal cause is called the motive, and means that consideration without which the contract would not have been made. (Emphasis in original text)
This is reflected in the jurisprudence. In Ouachita Equipment Rental Co. v. Trainer, 408 So.2d 930 (La.App.2d Cir.1981), it was held that a defendant urging error as a principal cause of a contract had to prove: (1) his own motive; (2) that there was error as to the motive; and (3) that plaintiff knew or should have known of the motive.
In the case at bar, the trial court held that Lamar's principal motive was to place a sign on the Reverend Roan's property that would be economically useful and feasible to them as an advertising company. The court found that because of the State's right of way they were not able to do it.
We agree with the court. All parties assumed the Reverend Roan owned the area designated for Lamar's sign. When this turned out not to be the case, Lamar found that it could not achieve its purpose.
The record shows abundant good faith on the part of defendant. Lamar signed a lease with Reverend Roan, applied for a permit from DOTD, and had a load of steel delivered to the construction site. It was only during a last-minute inspection of the area that the highway markers were discovered, obscured under heavy foliage. Up to that point Lamar had proceeded in a diligent fashion to construct the sign.
Plaintiff asserts in its brief that Lamar had some unknown, devious purpose in cancelling the contract and simply used the discovery of the highway markers to achieve that result. The record, however, offers no support for this theory.
Plaintiff contends Lamar should have built the sign elsewhere on the Roan property and thus fulfilled the contract. Lamar admits there was adequate space available but insists that the angle in relation to Interstate 10 was disadvantageous.
The record shows adequate evidence that Lamar entered the contract motivated by economic gain. There is no evidence of any other motive on their part. This being the case, we conclude that the contract was null due to error concerning the principal cause.
Costs are to be paid by plaintiff.
AFFIRMED.